*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★

# OPINION

Nos. 04-08-00587-CV, 04-08-00857-CV

Sonia **VALVERDE**,
Appellant

v.

**BIELA'S GLASS & ALUMINUM PRODUCTS, INC**. and Alert Lock & Key,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2008-CI-10519, 2008-CI-18017
Honorable Janet Littlejohn, Judge Presiding

Opinion by:  Phylis J. Speedlin, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:  June 10, 2009

REVERSED AND REMANDED

In this consolidated appeal, Sonia Valverde challenges the trial court's orders granting summary judgment on her claims against Biela's Glass & Aluminum Products, Inc. and Alert Lock & Key. We reverse the judgments of the trial court, and remand the causes for further proceedings.

## BACKGROUND

On April 24, 2005, Valverde was injured when a door fell on her while working at a store in the mall. She sued P.S.I. Total Facility, Inc. ("P.S.I."), the contractor who had recently repaired the door, and Ingram Park Mall, L.P. ("Ingram"), the owner of the premises. On August 14, 2007, P.S.I. filed a motion to designate Biela's Glass & Aluminum Products, Inc. ("Biela's") and Alert Lock & Key ("Alert") as responsible third parties pursuant to section 33.004 of the Texas Civil Practice and Remedies Code ("the Code"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (Vernon 2008). P.S.I. contracted with Biela's and Alert to perform maintenance and/or repairs on the door prior to Valverde's accident. Valverde was not served with P.S.I.'s motion, and became aware of it about three months later.

On December 26, 2007, Valverde amended her petition to add causes of action for negligence against Biela's and Alert. After filing answers, both Biela's and Alert responded with motions for summary judgment alleging that the two-year statute of limitations barred Valverde's claims against them. On June 13, 2008, an agreed order was entered by Judge Peter Sakai designating Biela's and Alert as responsible third parties *as of the date of entry of the order*. On June 16, 2008, Valverde filed her second amended petition, again naming all four defendants. The motions for summary judgment were subsequently heard and were granted by the trial court on June 24, 2008.[1] The June 24 order stated that "the GRANTING of these Motions will have no effect on the designation of BIELA'S GLASS & ALUMINUM PRODUCTS, INC. and ALERT LOCK & KEY as 'responsible third parties' pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.004."

---

[1] The trial court severed these claims into a new cause number, 2008-CI-10519, and Valverde filed a notice of appeal, subsequently numbered 04-08-00587-CV.

Valverde then filed her third amended petition, again alleging negligence claims against P.S.I., Ingram, Biela's, and Alert. Both Biela's and Alert answered and filed a joint motion for summary judgment alleging that the original summary judgment entered by the trial court was res judicata. The trial court heard the matter and granted the joint motion for summary judgment.[2]

## DISCUSSION

On appeal, Valverde challenges the summary judgments granted by the trial court. First, she contends the trial court erred in granting the motions in the first suit because Biela's and Alert were not designated as responsible third parties until Judge Sakai signed the June 13, 2008 order designating them as such, and therefore, she had 60 days from that date to add them as defendants. Second, Valverde alleges that the joint motion for summary judgment in the second suit was erroneously granted on the basis of res judicata. We will address her arguments in turn.

### Standard of Review

We review the trial court's granting of a summary judgment *de novo. Reynosa v. Huff,* 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.). Accordingly, we will uphold a traditional summary judgment only if the summary judgment record establishes that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. *See* TEX. R. CIV. P. 166a(c); *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997). In determining whether a disputed issue of material fact exists which precludes summary judgment, we view as true all evidence favorable to the non-movant and indulge every reasonable inference, and resolve all doubts, in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690

---

[2] The trial court severed these claims into a third cause number, 2008-CI-18017, and Valverde appealed the matter in appeal number 04-08-00857-CV. This appeal was consolidated with appeal number 04-08-00587-CV pursuant to Valverde's unopposed motion.

S.W.2d 546, 548-49 (Tex. 1985). If the movant establishes his right to summary judgment as a matter of law, the burden then shifts to the non-movant to raise fact issues that would preclude summary judgment. *Tex. Workers' Comp. Ins. Fund v. Simon,* 980 S.W.2d 730, 733 (Tex. App.—San Antonio 1998, no pet.) (citing *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979)). A defendant seeking summary judgment on the basis of an affirmative defense, such as statute of limitations, has the burden to conclusively establish that defense, including the accrual date of the cause of action. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

### First Suit: Summary Judgment Granted on the Basis of Limitations

To begin with, Valverde argues the trial court erred in granting summary judgment in the first suit because her claims against Biela's and Alert were timely. A negligence claim arising from a personal injury must be brought within two years from the date of injury. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2008). Section 33.004 of the Code, however, provides a plaintiff with the opportunity to assert a claim after the expiration of limitations when certain conditions are met. Section 33.004, entitled "Designation of Responsible Third Party," states in relevant part:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
> . . .
>
> (e) If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

. . .

(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a), (e), (f), (h) (Vernon 2008).

Valverde claims that although the motion for leave to designate Alert and Beila's as responsible third parties was filed on August 14, 2007, the trial court did not actually grant the motion until June 13, 2008. Accordingly, she had 60 days from June 13, 2008 in which to assert claims against Biela's and Alert. She filed her second amended petition naming Biela's and Alert as defendants on June 16, 2008. Valverde's responses to the motions for summary judgment included as attachments both the June 13, 2008 order designating the appellees as responsible third parties and her second amended petition filed on June 16, 2008.

Alert responds that because Valverde did not file an objection to the motion to designate within 15 days from the filing of the motion, the motion was granted as a matter of law on August 29, 2007. In support, Alert cites subsection (f), which states that the trial court "shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f). Accordingly, Alert argues that Valverde had 60 days from August 29, 2007 in which to join Alert and Biela's. Biela's likewise argues that Valverde had 75 days from August 14, 2007 in which to sue Biela's and Alert, and that an order granting the motion for leave is only necessary when there is an objection to the designation.

This court recently analyzed the language of section 33.004 to determine whether a defendant is required to file a motion for leave to designate a person as a responsible third party. *See Ruiz v. Guerra*, No. 04-08-00090-CV, 2009 WL 1472051 (Tex. App.—San Antonio May 27, 2009, no pet. h.). We held that the clear language of the statute unambiguously requires that a motion be filed. *Id.*; *see also Sheffield v. Begeman*, 274 S.W.3d 846, 850 (Tex. App.—Eastland 2008, pet. filed). Further, we held that the plain language of the statute requires the trial court to take action by granting the motion. *Ruiz*, 2009 WL 1472051, at *4 ("A plain reading of the statute compels us to hold that such a designation cannot be achieved without both the timely filing of a motion for leave and a court order granting leave to designate the named person."). We based our conclusion on the language of subsections (f) and (h), which demonstrate that the trial court must take action to grant the motion for leave. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f) ("***A court shall grant leave*** to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.") (emphasis added); TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(h) ("***By granting a motion for leave to designate*** a person as a responsible third party, the person named in the motion ***is designated*** as a responsible third party for purposes of this chapter without further action by the court or any party.") (emphasis ours); *see also* Gregory J. Lensing, *Proportionate Responsibility and Contribution Before and After the Tort Reform of 2003*, 35 TEX. TECH L. REV. 1125, 1182 (2004) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e), (h)) ("The sixty-day revival period starts when the person 'is designated as a responsible third party,' which apparently occurs at the time the trial court 'actually grant[s] a motion for leave to designate a person as a responsible third party.'"). It is only upon the trial court's granting of a motion for leave to designate a person as a responsible

third party that the designation becomes effective. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(h).

Because our reading of the statute compels us to hold that an order granting the motion for leave is required to designate a responsible third party, we cannot agree with the appellees' assertions that either: 1) the motion is granted as a matter of law if no objection is filed, or 2) an order is only required in those instances where an objection is filed. Here, there is an order granting the motion for leave to designate Biela's and Alert as responsible third parties. The order was signed by Judge Sakai on June 13, 2008. Accordingly, Valverde had 60 days from that date in which to join Biela's and Alert. Valverde filed her second amended petition on June 16, 2008 naming Biela's and Alert as defendants, and thus her claims against them were timely.

Biela's argues that even assuming the 60-day period ran from the granting of the motion for leave to designate the appellees as responsible third parties on June 13, 2008, Valverde's second amended petition filed on June 16, 2008 fails to "add any allegations that defeat application of the statute of limitations as to Biela's" because she "merely amended her already fatally deficient pleadings." Biela's cites no authority to support this proposition, and we disagree that section 33.004 requires Valverde to use any special language to join a party once they have been designated. Under the statute, once the designation is achieved by virtue of the trial court's order granting leave to designate a named person as a responsible third party, the claimant may join the person(s) within 60 days. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e), (h). Accordingly, Valverde's second amended petition filed three days after the order designating Biela's and Alert as responsible third parties was entered is sufficient to join the appellees.

Based on the foregoing analysis, we cannot conclude Biela's and Alert met their summary judgment burden of conclusively establishing their affirmative defense of limitations. Accordingly, we sustain Valverde's first issue on appeal, reverse the summary judgment granted on June 24, 2008, and remand the cause to the trial court for further proceedings.

### Second Suit: Summary Judgment Granted on the Basis of Res Judicata

In response to Valverde's third amended petition filed on August 7, 2008, Biela's and Alert moved for summary judgment contending that her claims against them were barred by res judicata. Specifically, they argued that: (1) the order granting summary judgment signed by the trial court on June 24, 2008 was a final order; (2) the parties to the first suit were identical to those in the second suit; and (3) the second suit was based on the same claims that were raised or could have been raised in the first suit. The trial court granted the motion for summary judgment on October 14, 2008.

Res judicata bars a party from attempting to relitigate a claim or cause of action that a competent tribunal has finally adjudicated. *Ingersoll-Rand Co. v. Valero Energy Corp.,* 997 S.W.2d 203, 206 (Tex. 1999). For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Group, Inc.,* 250 S.W.3d 78, 86 (Tex. 2008).

Because of our holding that the motions for summary judgment in the first suit were erroneously granted, a prior final judgment on the merits does not exist on which Biela's and Alert can base their res judicata argument. Accordingly, the appellees cannot establish the first element

of res judicata as a matter of law. The October 14, 2008 order granting summary judgment is therefore reversed, and the cause is remanded to the trial court for further proceedings.

## CONCLUSION

Because the appellees did not establish their affirmative defense of limitations as a matter of law, the order granting summary judgment in the first suit was erroneous, and therefore the trial court's judgment is reversed. Because the second order is solely premised on the erroneously-granted summary judgment in the first suit, it is also invalid. Accordingly, we also reverse the order granting summary judgment in the second suit. Both causes are remanded to the trial court for further proceedings.

Phylis J. Speedlin, Justice