

## NUMBER 13-09-00564-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**KATHIE KAY DILTHEY,**                                                    **Appellant,**

**v.**

**BALLENGER CONSTRUCTION**
**COMPANY,**                                                               **Appellee.**

### On appeal from the 197th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Yanez,[1] Garza, and Benavides
### Memorandum Opinion by Justice Garza

By two issues, appellant, Kathie Kay Dilthey, contends the trial court erred in

granting summary judgment in favor of appellee, Ballenger Construction Company

---

[1] The Honorable Linda Reyna Yañez, former Justice of this Court, was a member of the panel at the time this case was argued and submitted for decision, but did not participate in deciding the case because her term of office expired on December 31, 2010. S*ee* TEX. R. APP. P. 41.1.

("Ballenger"), on the basis of limitations because: (1) her joinder of Ballenger "was *res judicata* by virtue of the trial court's previous orders" (issue one); and (2) she timely joined Ballenger as a defendant (issue two). We affirm.

## I. BACKGROUND

Dilthey filed a personal injury suit on March 24, 2008, alleging that she was injured in a workplace accident while working for Ballenger on March 27, 2006.[2] Several defendants were named in the petition, but Ballenger was not.

On August 19, 2008, one of the defendants, Conley Lott Nichols Machinery Company ("Conley Lott"), filed a motion for leave to designate Ballenger as a responsible third party pursuant to section 33.004 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (Vernon 2008). The motion urged the designation of Ballenger as a responsible third party on grounds that Ballenger allegedly (1) failed to properly maintain the street sweeper involved in the accident; and (2) failed to enforce company policies related to the use of seat belts while the sweeper was in operation. The trial court granted Conley Lott's motion to designate Ballenger as a responsible third party on August 21, 2008.

On September 9, 2008, defendant Waukesha-Pierce Industries, Inc. ("Waukesha") also filed a motion to designate Ballenger as a responsible third party. Waukesha's motion alleged the same failures to maintain the sweeper and enforce company policies as alleged in Conley Lott's motion. The trial court granted Waukesha's motion on September 19, 2008.

On March 4, 2009, Dilthey filed a motion to permit joinder of Ballenger as a defendant. The motion attributes Dilthey's failure to join Ballenger earlier to the fact that

---

[2] The two-year statute of limitations for personal injury claims expired on March 27, 2008, three days after the suit was filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2010).

2

she was unrepresented by counsel from October 15, 2008 to March 3, 2009. Two days later, on March 6, 2009, Conley Lott filed an amended motion to designate Ballenger as a responsible third party, requesting that the court "again" designate Ballenger pursuant to section 33.004. *See id.* The amended motion asserted that "there is doubt over whether [Conley Lott's earlier motion to designate] was written and represented correctly and done in accord with statute," but did not explain the nature of the concerns. The trial court held a hearing on March 11, 2009 on several motions, including Dilthey's motion to join Ballenger and Conley Lott's amended motion to designate Ballenger. At the hearing, counsel for defendant Waldon Manufacturing, L.L.C. argued against Dilthey's motion to join Ballenger, asserting that Dilthey had sixty days from the date Conley Lott's first motion to designate was granted—August 21, 2008—to join Ballenger, and that she had failed to do so. *See id.* § 33.004(e).

Dilthey's counsel argued that: (1) the sixty-day period from the granting of Waukesha's motion to designate "ran and expired while [Dilthey] was unrepresented"; and (2) the granting of Conley Lott's amended motion to designate "would then start the 60-day time period all over again." At the conclusion of the hearing, the trial court ruled that it would permit Dilthey to join Ballenger as a defendant. A written order granting Conley Lott's amended motion and Dilthey's motion to permit joinder of Ballenger followed on March 18, 2009. On March 11, 2009 (the same day as the hearing), Dilthey filed an amended petition naming Ballenger as a defendant.

Ballenger answered, asserting, among other arguments, the affirmative defense of limitations. *See id.* § 16.003(a). Ballenger also filed a motion for summary judgment, asserting that Dilthey's claims were barred by limitations as a matter of law. Ballenger argued that, although Dilthey could have avoided the limitations bar by joining Ballenger

3

within sixty days following its designation as a responsible third party, she did not do so. *See id.* § 33.004(e). Ballenger argued that, whether calculated from August 21, 2008 (the date Conley Lott's motion to designate was granted) or September 19, 2008 (the date Waukesha's motion to designate was granted), Ballenger's joinder on March 11, 2009 exceeded the sixty-day period following designation as provided in section 33.004(e). *See id.*

In her response to Ballenger's motion, Dilthey argued that: (1) the trial court ruled correctly in granting Conley Lott's amended motion to designate and her motion to permit joinder, and therefore, Ballenger was "collaterally stopped from arguing otherwise"; and (2) the trial court's March 11, 2009 order granting Conley Lott's amended motion opened a new sixty-day window, and she properly joined Ballenger within the sixty-day period. Ballenger filed a reply to Dilthey's response, in which it argued that it is not collaterally estopped from challenging the trial court's March 11 orders because Ballenger was not a party when the orders were granted.

On August 12, 2009, the trial court held a hearing on Ballenger's motion for summary judgment. At the hearing, Ballenger's counsel argued that Dilthey's claims were barred by limitations as a matter of law. Dilthey's counsel argued, without citation to authority, that: (1) the trial court's March 11 order granting Conley Lott's amended motion to designate reopened the sixty-day window to join Ballenger as a defendant; and (2) the doctrine of collateral estoppel applied because Ballenger's wholly-owned subsidiary, South Texas Trucking, was a party when the trial court's March 11 orders were granted.[3] At the conclusion of the hearing, the trial court asked the parties to

---

[3] Ballenger noted to the trial court that although South Texas Trucking was named as a defendant in the original suit, it was not a party because it was not served until April 3, 2009, almost a month after the trial court's March 11, 2009 orders.

4

submit "diagrams" noting the relevant dates. On September 9, 2009, the trial court granted Ballenger's motion for summary judgment. This appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"We review a trial court's summary judgment order concerning statutory construction de novo." *Kimbrell v. Molinet*, 288 S.W.3d 464, 466 (Tex. App.–San Antonio 2008), *aff'd*, 54 Tex. Sup. Ct. J. 491, 2011 Tex. LEXIS 68 (Tex. Jan. 21, 2011); *see also Galbraith Eng'g v. Pochuca*, 290 S.W.3d 863, 867 (Tex. 2009) ("Statutory construction is a question of law we review de novo."). "In construing statutes, our primary objective is to give effect to the Legislature's intent as expressed in the statute's language." *Galbraith*, 290 S.W.3d at 867. "If the words of a statute are clear and unambiguous, we apply them according to their plain and common meaning." *Id.* "[W]e must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results." *Ruiz v. Guerra*, 293 S.W.3d 706, 712 (Tex. App.–San Antonio 2009, no pet.) (citing *Tex. Dep't of Protective and Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004)). "We also construe the statute as a whole and will not give one provision a meaning which is out of harmony or inconsistent with other provisions." *Ruiz*, 293 S.W.3d at 712.

Section 33.004 of the civil practice and remedies code, titled "Designation of Responsible Third Party," provides in relevant part:

    (a)   A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

    (b)   Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of the state with regard to the assertion by a defendant of rights to contribution or indemnity.

Nothing in this section affects the filing of cross-claims or counterclaims.

. . . .

(e) If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

. . . .

(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a), (b), (e), (f), (h).

### III. ANALYSIS

### A. Dilthey's Joinder of Ballenger Was Not Governed by Res Judicata

By her first issue, Dilthey contends that the trial court's March 11, 2009 orders (granting Conley Lott's amended motion to designate Ballenger and Dilthey's motion to permit its joinder) were rendered correctly and "[c]onsequently, the joinder of [Ballenger] is *res judicata*."

"Res judicata bars a party from attempting to relitigate a claim or cause of action that a competent tribunal has finally adjudicated." *Valverde v. Biela's Glass & Aluminum Prods.*, 293 S.W.3d 751, 755 (Tex. App.–San Antonio 2009, pet. denied). "For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or

6

those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Id.*

Ballenger responds that when the March 11, 2009 orders were rendered, it was not yet a party in the case. We agree. Ballenger was not made a party to the case until *after* the trial court's March 11, 2009 orders. We overrule Dilthey's first issue.

## B.  Ballenger Was Not Timely Joined

By her second issue, Dilthey argues that Ballenger's joinder is not barred by limitations because the granting of Conley Lott's amended motion to designate Ballenger on March 11 opened a "new" sixty-day window within which she could properly join Ballenger. In her brief, Dilthey cites only the following in support: "As one commentator has observed, when, as in this case, a court designates a responsible third party, a Plaintiff 'enjoy(s) a new sixty-day window of opportunity' to join that party as a defendant in the case." APPELLANT'S BRIEF at 4 (quoting Gregory J. Lensing, *Proportionate Responsibility and Contribution Before and After the Tort Reform of 2003*, 35 TEX. TECH. L. REV. 1125, 1182 (2004)). We disagree that the referenced statement supports Dilthey's argument.

> The quotation excerpted by Dilthey is included in the following paragraph:
>
> Very significantly, section 33.004(e) has been retained basically whole, and it still operates as a revival statute in favor of claimants against responsible third parties who would otherwise be protected by limitations. The sixty-day revival period starts when the person "is designated as a responsible third party," which apparently occurs at the time the trial court "actually grants a motion for leave to designate a person as a responsible third party." Because defendants can freely designate responsible third parties up until sixty days before trial (and even thereafter on a showing of good cause), section 33.004(e) actually represents a huge erosion of statute of limitations defenses. A plaintiff who misses limitations as to one joint tortfeasor can easily suggest to another joint tortfeasor that it should invoke the responsible-third-party device—perhaps even offer that tortfeasor some inducement to do so—and then enjoy a new sixty-day window of opportunity to sue the responsible third party.

7

Lensing, *supra*, at 1182.

We do not read the paragraph to suggest, as Dilthey argues, that when a previously-designated responsible third party is *re*-designated—either by the same defendant, in an "amended" motion to designate, or by a different defendant—the plaintiff gains a new sixty-day window in which to join the previously-designated responsible third party.

Moreover, the plain language of the statute does not support Dilthey's position. Subsection (e) of section 33.004 states:

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e). The plain language of the statute states that a claimant's sixty-day window for joinder begins when a person "is designated as a responsible third party." *Id.* In addition, subsection (h) of the statute provides: "By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party." *Id.* § 33.004(h).

Reading the statute in its entirety and according to its plain language, we conclude that Ballenger was "designated as a responsible third party" for purposes of chapter 33 on August 21, 2008, when the trial court first granted Conley Lott's motion to designate Ballenger. Thus, the sixty-day window to file suit without regard to limitations expired sixty days after August 21, 2008. Dilthey did not join Ballenger within that window. Accordingly, the trial court did not err in granting Ballenger's motion for summary judgment on the basis of limitations. We overrule Dilthey's second issue.

## IV. Conclusion

We affirm the trial court's summary judgment in favor of Ballenger.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
10th day of February, 2011.