NUMBER 13-09-00564-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG



 



 

KATHIE
KAY DILTHEY,                                                               Appellant,


                                                                                                          

v.

 

BALLENGER
CONSTRUCTION



COMPANY,                                                                                
     Appellee.

 



 

On appeal from the 197th
District Court

of Cameron County,
Texas.



 



 

MEMORANDUM OPINION

 

Before Justices Yanez,
[1] Garza, and Benavides


Memorandum Opinion by
Justice Garza

 

            By two issues, appellant, Kathie
Kay Dilthey, contends the trial court erred in granting summary judgment in
favor of appellee, Ballenger Construction Company (“Ballenger”), on the basis
of limitations because:  (1) her joinder of Ballenger “was res judicata
by virtue of the trial court’s previous orders” (issue one); and (2) she timely
joined Ballenger as a defendant (issue two).  We affirm.

I.  Background

            Dilthey filed a personal injury
suit on March 24, 2008, alleging that she was injured in a workplace accident
while working for Ballenger on March 27, 2006.[2] 
Several defendants were named in the petition, but Ballenger was not.

            On August 19, 2008, one of the defendants,
Conley Lott Nichols Machinery Company (“Conley Lott”), filed a motion for leave
to designate Ballenger as a responsible third party pursuant to section 33.004
of the civil practice and remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (Vernon
2008).  The motion urged the designation of Ballenger as a responsible third
party on grounds that Ballenger allegedly (1) failed to properly maintain the
street sweeper involved in the accident; and (2) failed to enforce company
policies related to the use of seat belts while the sweeper was in operation. 
The trial court granted Conley Lott’s motion to designate Ballenger as a
responsible third party on August 21, 2008. 

            On September 9, 2008, defendant
Waukesha-Pierce Industries, Inc. (“Waukesha”) also filed a motion to designate
Ballenger as a responsible third party.  Waukesha’s motion alleged the same
failures to maintain the sweeper and enforce company policies as alleged in
Conley Lott’s motion.  The trial court granted Waukesha’s motion on September
19, 2008. 

            On
March 4, 2009, Dilthey filed a motion to permit joinder of Ballenger as a
defendant.  The motion attributes Dilthey’s failure to join Ballenger earlier
to the fact that she was unrepresented by counsel from October 15, 2008 to March
3, 2009.  Two days later, on March 6, 2009, Conley Lott filed an amended motion
to designate Ballenger as a responsible third party, requesting that the court
“again” designate Ballenger pursuant to section 33.004.  See id.  The
amended motion asserted that “there is doubt over whether [Conley Lott’s
earlier motion to designate] was written and represented correctly and done in
accord with statute,” but did not explain the nature of the concerns.  The
trial court held a hearing on March 11, 2009 on several motions, including
Dilthey’s motion to join Ballenger and Conley Lott’s amended motion to
designate Ballenger.  At the hearing, counsel for defendant Waldon
Manufacturing, L.L.C. argued against Dilthey’s motion to join Ballenger,
asserting that Dilthey had sixty days from the date Conley Lott’s first motion
to designate was granted—August 21, 2008—to join Ballenger, and that she had
failed to do so.  See id. § 33.004(e).

            Dilthey’s counsel argued that: 
(1) the sixty-day period from the granting of Waukesha’s motion to designate
“ran and expired while [Dilthey] was unrepresented”; and (2) the granting of
Conley Lott’s amended motion to designate “would then start the 60-day time
period all over again.”  At the conclusion of the hearing, the trial court ruled
that it would permit Dilthey to join Ballenger as a defendant.  A written order
granting Conley Lott’s amended motion and Dilthey’s motion to permit joinder of
Ballenger followed on March 18, 2009.   On March 11, 2009 (the same day as the
hearing), Dilthey filed an amended petition naming Ballenger as a defendant.   

            Ballenger
answered, asserting, among other arguments, the affirmative defense of
limitations.  See id. §
16.003(a).  Ballenger also filed a motion for summary judgment, asserting that
Dilthey’s claims were barred by limitations as a matter of law.  Ballenger
argued that, although Dilthey could have avoided the limitations bar by joining
Ballenger within sixty days following its designation as a responsible third
party, she did not do so. See id. § 33.004(e).  Ballenger argued that,
whether calculated from August 21, 2008 (the date Conley Lott’s motion to
designate was granted) or September 19, 2008 (the date Waukesha’s motion to
designate was granted), Ballenger’s joinder on March 11, 2009 exceeded the
sixty-day period following designation as provided in section 33.004(e).  See
id.

            In her response to Ballenger’s
motion, Dilthey argued that:  (1) the trial court ruled correctly in granting
Conley Lott’s amended motion to designate and her motion to permit joinder, and
therefore, Ballenger was “collaterally stopped from arguing otherwise”; and (2)
the trial court’s March 11, 2009 order granting Conley Lott’s amended motion
opened a new sixty-day window, and she properly joined Ballenger within the
sixty-day period.  Ballenger filed a reply to Dilthey’s response, in which it
argued that it is not collaterally estopped from challenging the trial court’s
March 11 orders because Ballenger was not a party when the orders were granted. 


            On August 12, 2009, the trial
court held a hearing on Ballenger’s motion for summary judgment.  At the
hearing, Ballenger’s counsel argued that Dilthey’s claims were barred by limitations
as a matter of law.  Dilthey’s counsel argued, without citation to authority,
that:  (1) the trial court’s March 11 order granting Conley Lott’s amended
motion to designate reopened the sixty-day window to join Ballenger as a
defendant; and (2) the doctrine of collateral estoppel applied because
Ballenger’s wholly-owned subsidiary, South Texas Trucking, was a party when the
trial court’s March 11 orders were granted.[3] 
At the conclusion of the hearing, the trial court asked the parties to submit
“diagrams” noting the relevant dates.  On September 9, 2009, the trial court
granted Ballenger’s motion for summary judgment.  This appeal ensued. 

II.  Standard of Review and
Applicable Law

            “We review a trial court’s
summary judgment order concerning statutory construction de novo.”  Kimbrell
v. Molinet, 288 S.W.3d 464, 466 (Tex. App.–San Antonio 2008), aff’d,
54 Tex. Sup. Ct. J. 491, 2011 Tex. LEXIS 68 (Tex. Jan. 21, 2011); see also
Galbraith Eng’g v. Pochuca, 290 S.W.3d 863, 867 (Tex. 2009) (“Statutory
construction is a question of law we review de novo.”).  “In construing
statutes, our primary objective is to give effect to the Legislature’s intent
as expressed in the statute’s language.”  Galbraith, 290 S.W.3d at 867. 
“If the words of a statute are clear and unambiguous, we apply them according
to their plain and common meaning.”  Id.  “[W]e must adopt the
interpretation supported by the statute’s plain language unless that
interpretation would lead to absurd results.”  Ruiz v. Guerra, 293 S.W.3d
706, 712 (Tex. App.–San Antonio 2009, no pet.) (citing Tex. Dep’t of
Protective and Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170,
177 (Tex. 2004)).  “We also construe the statute as a whole and will not give
one provision a meaning which is out of harmony or inconsistent with other
provisions.”  Ruiz, 293 S.W.3d at 712.  

            Section 33.004 of the civil
practice and remedies code, titled "Designation of Responsible Third
Party," provides in relevant part:

(a)    A
defendant may seek to designate a person as a responsible third party by filing
a motion for leave to designate that person as a responsible third party. The
motion must be filed on or before the 60th day before the trial date unless the
court finds good cause to allow the motion to be filed at a later date.

 

(b)    Nothing
in this section affects the third-party practice as previously recognized in
the rules and statutes of the state with regard to the assertion by a defendant
of rights to contribution or indemnity. Nothing in this section affects the
filing of cross-claims or counterclaims.

 

         .
. . .

 

(e)    If
a person is designated under this section as a responsible third party, a
claimant is not barred by limitations from seeking to join that person, even
though such joinder would otherwise be barred by limitations, if the claimant
seeks to join that person not later than 60 days after that person is
designated as a responsible third party.

 

(f)     A
court shall grant leave to designate the named person as a responsible third
party unless another party files an objection to the motion for leave on or
before the 15th day after the date the motion is served.

 

         .
. . .

 

(h)    By
granting a motion for leave to designate a person as a responsible third party,
the person named in the motion is designated as a responsible third party for
purposes of this chapter without further action by the court or any party.

 

Tex. Civ. Prac.
& Rem. Code Ann. § 33.004(a), (b), (e), (f), (h).

III. 
Analysis

A.          
Dilthey’s Joinder of Ballenger Was Not Governed by Res Judicata

            By her first issue, Dilthey
contends that the trial court’s March 11, 2009 orders (granting Conley Lott’s
amended motion to designate Ballenger and Dilthey’s motion to permit its
joinder) were rendered correctly and “[c]onsequently, the joinder of
[Ballenger] is res judicata.”  

            “Res judicata bars a party from
attempting to relitigate a claim or cause of action that a competent tribunal
has finally adjudicated.”  Valverde v. Biela’s Glass & Aluminum Prods.,
293 S.W.3d 751, 755 (Tex. App.–San Antonio 2009, pet. denied).  “For res
judicata to apply, the following elements must be present:  (1) a prior final
judgment on the merits by a court of competent jurisdiction; (2) the same
parties or those in privity with them; and (3) a second action based on the
same claims as were raised or could have been raised in the first action.”  Id. 


            Ballenger responds that when the
March 11, 2009 orders were rendered, it was not yet a party in the case.  We
agree.  Ballenger was not made a party to the case until after the trial
court’s March 11, 2009 orders.  We overrule Dilthey’s first issue.  

B.          
 Ballenger Was Not Timely Joined 

            By her second issue, Dilthey
argues that Ballenger’s joinder is not barred by limitations because the
granting of Conley Lott’s amended motion to designate Ballenger on March 11
opened a “new” sixty-day window within which she could properly join
Ballenger.  In her brief, Dilthey cites only the following in support:  “As one
commentator has observed, when, as in this case, a court designates a
responsible third party, a Plaintiff ‘enjoy(s) a new sixty-day window of
opportunity’ to join that party as a defendant in the case.”  Appellant’s Brief at 4 (quoting Gregory
J. Lensing, Proportionate Responsibility and Contribution Before and After
the Tort Reform of 2003, 35 Tex.
Tech. L. Rev. 1125, 1182 (2004)).  We disagree that the referenced statement
supports Dilthey’s argument.

            The quotation excerpted by
Dilthey is included in the following paragraph:  

Very significantly,
section 33.004(e) has been retained basically whole, and it still operates as a
revival statute in favor of claimants against responsible third parties who
would otherwise be protected by limitations.  The sixty-day revival period starts
when the person "is designated as a responsible third party," which
apparently occurs at the time the trial court "actually grants a motion
for leave to designate a person as a responsible third party." Because
defendants can freely designate responsible third parties up until sixty days
before trial (and even thereafter on a showing of good cause), section
33.004(e) actually represents a huge erosion of statute of limitations
defenses. A plaintiff who misses limitations as to one joint tortfeasor can easily
suggest to another joint tortfeasor that it should invoke the
responsible-third-party device—perhaps even offer that tortfeasor some
inducement to do so—and then enjoy a new sixty-day window of opportunity to sue
the responsible third party.

 

Lensing,
supra, at 1182. 

 

            We do not read the paragraph to
suggest, as Dilthey argues, that when a previously-designated responsible third
party is re-designated—either by the same defendant, in an “amended”
motion to designate, or by a different defendant—the plaintiff gains a new
sixty-day window in which to join the previously-designated responsible third
party.  

            Moreover, the plain language of
the statute does not support Dilthey’s position.  Subsection (e) of section
33.004 states:

If a person is
designated under this section as a responsible third party, a claimant is not
barred by limitations from seeking to join that person, even though such
joinder would otherwise be barred by limitations, if the claimant seeks to join
that person not later than 60 days after that person is designated as a
responsible third party.  

 

Tex. Civ. Prac.
& Rem. Code Ann. § 33.004(e).  The plain language of the
statute states that a claimant’s sixty-day window for joinder begins when a
person “is designated as a responsible third party.”  Id.  In addition, subsection
(h) of the statute provides:  “By granting a motion for leave to designate a
person as a responsible third party, the person named in the motion is
designated as a responsible third party for purposes of this chapter without
further action by the court or any party.”  Id. § 33.004(h).

            Reading the statute in its
entirety and according to its plain language, we conclude that Ballenger was
“designated as a responsible third party” for purposes of chapter 33 on August
21, 2008, when the trial court first granted Conley Lott’s motion to designate
Ballenger.  Thus, the sixty-day window to file suit without regard to limitations
expired sixty days after August 21, 2008.  Dilthey did not join Ballenger
within that window.  Accordingly, the trial court did not err in granting
Ballenger’s motion for summary judgment on the basis of limitations.  We
overrule Dilthey’s second issue.  

IV.  Conclusion

            We affirm the trial court’s
summary judgment in favor of Ballenger. 

 

                                                                                                

                                                                                                DORI
CONTRERAS GARZA

                                                                                                Justice


 

Delivered
and filed the 

10th
day of February, 2011.









[1]  The Honorable Linda
Reyna Yañez, former Justice of this Court, was a member of the panel at the
time this case was argued and submitted for decision, but did not participate
in deciding the case because her term of office expired on December 31, 2010. 
See Tex. R. App. P. 41.1. 

 





[2] The two-year statute of limitations
for personal injury claims expired on March 27, 2008, three days after the suit
was filed.  See Tex. Civ. Prac.
& Rem. Code Ann. § 16.003(a) (Vernon Supp. 2010). 

 





[3]  Ballenger noted to the trial court
that although South Texas Trucking was named as a defendant in the original
suit, it was not a party because it was not served until April 3, 2009, almost
a month after the trial court’s March 11, 2009 orders.