# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00496-CV

**Steven C. Albright and Rhonda Albright, Appellants**

**v.**

**Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing, Appellee**

## FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
## NO. 17573A, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Steven C. Albright and Rhonda Albright appeal from the trial court's order granting summary judgment in favor of Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing. The Albrights sued Rhea for negligence and breach of implied warranty based on alleged plumbing defects and improper propane installation in the construction of their newly purchased home. Rhea moved for summary judgment on the grounds that the Albrights' claims were barred by quasi-estoppel, estoppel by contract, and limitations, and that their implied warranty claim was also barred by binding precedent. For the reasons that follow, we affirm in part and reverse and remand in part.

## BACKGROUND

In 2009, the Albrights entered into a contract with JPAG Ventures and related entities and individuals (collectively the General Contractor) to purchase a partially constructed "spec" home. The contract provided that the Albrights would purchase the home and the General

Contractor would furnish all necessary labor and materials for construction. The Albrights moved into the home in December 2009. In May 2011, the Albrights filed suit against the General Contractor asserting claims for breach of contract, negligence, breach of implied warranty, and other claims in connection with alleged defects in the home. In February 2013, the General Contractor filed a motion for leave to designate responsible third parties, which the Albrights did not oppose. *See* Tex. Civ. Prac. & Rem. Code § 33.004(a) (providing that defendant may seek to designate person as responsible third party by filing motion for leave). In the motion, the General Contractor identified 18 subcontractors who performed work on the Albrights' home. On April 10, 2013, the Albrights and the General Contractor entered into a settlement agreement, and on April 11, the trial court granted the General Contractor's motion for leave to designate responsible third parties. *See id.* § 33.004(f) (providing that court shall grant leave to designate responsible third party unless another party files objection on or before 15th day after motion is served); *see also Valverde v. Biela's Glass & Aluminum Prods. Inc.*, 293 S.W.3d 751, 754–55 (Tex. App.—San Antonio 2009, pet. denied) (holding that designation becomes effective upon trial court's granting of motion for leave). On May 2, 2013, the Albrights filed their third amended petition adding Rhea and the other subcontractors as defendants, asserting claims against Rhea for negligence and breach of implied warranty for plumbing defects and improper propane installation in the home. In July 2013, the trial court entered a final take nothing judgment as to the General Contractor.

In February 2015, Rhea filed a combined traditional and no-evidence motion for summary judgment. In its traditional motion, Rhea argued that because the Albrights had settled and fully released their claims for alleged defects in the home when they settled with the General

2

Contractor, those claims were barred by quasi-estoppel and by estoppel by contract. In the alternative, Rhea asserted that to the extent the Albrights asserted any new causes of action against Rhea, those claims were barred by the applicable statutes of limitations. Rhea further argued that the claim for breach of implied warranty was barred by binding precedent from this Court. In its no-evidence motion, Rhea argued that to the extent the Albrights asserted a cause of action for breach of contract against Rhea, there was no evidence.[1] Following a hearing, the trial court entered an "Order Granting [Rhea's] Traditional and No-Evidence Motion for Summary Judgment" without specifying the grounds for its ruling. The trial court subsequently severed the Albrights' claims against Rhea from their claims against the remaining subcontractors, and the summary judgment became final. This appeal followed.

## DISCUSSION

In a single issue, the Albrights argue that the trial court erred in granting Rhea's traditional motion for summary judgment.[2] In its motion, Rhea challenged the Albrights' negligence and implied warranty claims on three grounds. We address each ground in turn.

---

[1] In its response to Rhea's motion for summary judgment, the Albrights stated that they had not asserted a breach of contract claim against Rhea—a position they reiterate on appeal. Thus, Rhea's no-evidence motion, and the trial court's order to the extent it purported to grant the no-evidence motion, are moot, and we need not address them further.

[2] The standard of review for a traditional summary judgment is well known, and we do not recite it here. *See* Tex. R. Civ. P. 166a(c); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003).

**Quasi-Estoppel and Estoppel by Contract**

In its motion for summary judgment, Rhea first argued that in settling with the General Contractor, the Albrights had settled all of the claims they subsequently asserted against Rhea so that their claims against Rhea were barred by quasi-estoppel and estoppel by contract. "Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Lopez v. Munoz, Hockema & Reed L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000). The doctrine "forbids a party from accepting the benefits of a transaction and then subsequently taking an inconsistent position to avoid corresponding obligations or effects." *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 387 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "Estoppel by contract is a form of quasi-estoppel based on the idea that a party to a contract will not be permitted to take a position inconsistent with the contract to the prejudice of another." *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 721–22 (Tex. App.—Dallas 2004, no pet.). Thus, the rule is not actually one of estoppel but is another way of saying that a party is bound by the terms of his contract, and cannot take a position inconsistent with the contract's provisions. *Id.* Estoppel by contract binds a party to the terms of his contract unless the contract is void, annulled, or set aside in some way and precludes a party to a valid agreement from denying the truth of the recitals in the instrument. *Freezia*, 474 S.W.3d at 387–88; *Royalco Oil & Gas Corp. v. Stockhome Trading Corp.*, 361 S.W.3d 725, 732 (Tex. App.—Fort Worth 2012, no pet.); *Coffey v. Singer Asset Fin. Co., L.L.C.*, 223 S.W.3d 559, 569 (Tex. App.—Dallas 2007, no pet.).

Rhea contends that in designating Rhea as a responsible third party, the General Contractor alleged that Rhea was responsible for the same claims that the Albrights brought against

4

the General Contractor, and that in settling with the General Contractor, the Albrights contractually agreed to the resolution of all claims and causes of action arising out of the transactions or occurrences that are the subject of this litigation. Because asserting claims against Rhea that were released in the settlement agreement is inconsistent with the terms of the settlement agreement and an attempt not to be bound by them, Rhea reasons, the Albrights claims against Rhea are barred.

We do not find this argument persuasive. Rhea's focus on the claims released—as opposed to the parties released—is misplaced, and its conclusion that in releasing the General Contractor, the Albrights released all claims against Rhea, as a party listed in the General Contractor's motion to designate responsible third parties, is flawed. A responsible third party is defined as:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

Tex. Civ. Prac. & Rem. Code § 33.011(6). Section 33.004(a) provides a statutory basis for designation of a "responsible third party" for the purpose of apportioning percentages of responsibility. *See id.* §§ 33.003(a) (providing that trier of fact shall determine percentage of responsibility for each claimant, defendant, settling person, and responsible third party), .004(a); *In re El Apple, Inc.*, 362 S.W.3d 154, 158 (Tex. App.—El Paso 2012, orig. proceeding); *Valverde*, 293 S.W.3d at 754 (citing Gregory J. Lensing, *Proportionate Responsibility and Contribution Before and After the Tort Reform of 2003*, 35 Tex. Tech L. Rev. 1125, 1182 (2004)). Thus, while a defendant may attempt to shift liability onto responsible third parties, "nothing in [section 33.004]

5

affects the third-party practice as previously recognized . . . with regard to . . . the assertion by a defendant of rights to contribution and indemnity." Tex. Civ. Prac. & Rem. Code § 33.004(b); *see Molinet v. Kimbrell*, 356 S.W.3d 407, 417–18 (Tex. 2011) (Lehrmann, J., dissenting) (discussing shifting of percentage of responsibility under Chapter 33 and citing Jas Brar, *Friend or Foe? Responsible Third Parties and Leading Questions*, 60 Baylor L. Rev. 261, 275 (2008); Elaine A. Carlson, *Tort Reform: Redefining the Role of the Court and the Jury*, 47 S. Tex. L. Rev. 245, 259 (2005)).

There is nothing in the statutory language to support Rhea's contention that the General Contractor's designation of Rhea as a responsible third party somehow merges the Albrights' claims against the General Contractor and Rhea or that by settling their claims against the General Contractor, the Albrights also released claims for the same "harm for which recovery of damages is sought" as against Rhea. *See* Tex. Civ. Prac. & Rem. Code §§ 33.003(a), .004(a), .011(6); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009) (stating that our primary concern is express statutory language); *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010) (noting that we apply plain meaning of text unless different meaning is supplied by legislative definition or is apparent from context or plain meaning leads to absurd results). Such an argument implies that both an original defendant and a defendant the plaintiff later sues after it is designated a responsible third party cannot both be liable for the plaintiff's harm—an argument directly contradicted by the proportionate responsibility scheme of Chapter 33. *See generally* Tex. Civ. Prac. & Rem. Code §§ 33.001–.017. Rhea cites no authority for that proposition, and we know of none. To the contrary, multiple defendants can share liability

for "the harm for which the recovery of damages is sought," and Chapter 33 does not contemplate that settlement of causes of action against one defendant precludes maintaining causes of action for the same harm against another defendant. *See generally id.*; *see Pochucha*, 290 S.W.3d at 867; *Marks*, 319 S.W.3d at 663.

Moreover, the express terms of the settlement agreement provided that the Albrights released their claims against the General Contractor only. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005) ("Contract terms are given their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense."). The settlement agreement stated that the parties to this case agreed to settle "all claims and controversies between them" and "all claims and causes [of] action of any kind whatsoever which the parties have or may have arising out of the transaction or occurrence which is the subject of the litigation." At the time of the settlement agreement, the only parties in the case—and the only parties to the settlement agreement—were the Albrights and the General Contractor. Further, the Albrights expressly reserved their "rights to go after . . . all parties named in [the General Contractor's] motion to designate responsible 3rd parties."

Similarly, the judgment entered following settlement was captioned "Final Take Nothing Judgment as to [the General Contractor] Only." In it, the trial court stated the names of the parties—the Albrights and the General Contractor—and recited that the parties had reached a settlement. The trial court then ordered that the Albrights "take nothing by reason of this suit against Defendants [the General Contractor] only." Thus, the plain language of both the settlement agreement and judgment states the parties' intention that the Albrights settle and release their claims

7

against the General Contractor only. *See Frost Nat'l Bank v. L&F Distribs., Ltd.*, 165 S.W.3d 310, 311–12 (Tex. 2005) (per curiam) (stating that primary concern in construing contract is to ascertain and give effect to intent of parties as expressed in instrument); *see also Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011) (noting that construction of unambiguous contract is question of law we review de novo); *Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009) (stating that contract is not ambiguous simply because parties disagree over its meaning). Consequently, the Albrights' assertion of claims against Rhea is not a denial of or an action inconsistent with the terms of the settlement agreement, and the doctrines of quasi-estoppel and estoppel by contract are inapplicable. *See Lopez*, 22 S.W.3d at 864; *Freezia*, 474 S.W.3d at 387–88. We conclude that Rhea failed to meet its summary judgment burden as to quasi-estoppel and estoppel by contract, and we sustain the Albrights' issue as to that summary judgment ground. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003).

**Statute of Limitations**

As a second ground for summary judgment, Rhea asserted, in the alternative that, to the extent the Albrights' claims against Rhea are not the same claims asserted against the General Contractor, then they are new claims that are barred by applicable statutes of limitations. The Albrights do not dispute that the applicable statutes of limitations for their claims against Rhea had expired. However, at the time this suit was filed, Civil Practice and Remedies Code section 33.004(e) provided as follows:

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.04, sec. 33.004(e), 2003 Tex. Gen. Laws 847, 856, *repealed by* Act of May 25, 2011, 82d Leg., R.S., ch. 203, § 5.02, 2011 Tex. Gen. Laws 757, 759).[3] Thus, section 33.004(e) "creates the potential to revive otherwise barred claims against a designated [responsible third party]." *Flack v. Hanke*, 334 S.W.3d 251, 256 (Tex. App.—San Antonio 2010, pet. denied). Section 33.004(e)'s waiver of limitations, however, "is not dependent on the substance of the claimant's allegations" against the responsible third party made a defendant. *Jay Miller & Sundown, Inc. v. Camp Dresser & McKee, Inc*, 381 S.W.3d 635, 641 (Tex. App.—San Antonio 2012, no pet.); *see* Tex. Civ. Prac. & Rem. Code § 33.004(e); *Valverde*, 293 S.W.3d at 755 (holding that section 33.004 does not require claimant to use any special language to join party that has been designated responsible third party). Rather, it provides that limitations does not bar joinder if (1) the person was designated as a responsible third party, and (2) joinder was within sixty days of the designation. Tex. Civ. Prac. & Rem. Code § 33.004(e); *Jay Miller*, 381 S.W.3d at 641. Those two condition were met in this case.[4] Thus, under a plain reading of section 33.004(e), the statute of limitations may not be raised as a bar to the Albrights' claims against Rhea for the "harm for which recovery of damages is sought." *See* Tex. Civ. Prac. & Rem. Code § 33.004(e), .011(6); *Pochucha*, 290 S.W.3d at 867; *Marks*, 319 S.W.3d at 663. We therefore conclude that Rhea failed to meet its

---

[3] All references to section 33.004(e) are to the now-repealed subsection.

[4] There is no dispute that the Albrights filed their claims against Rhea within the deadline set out in section 33.004(e).

9

summary judgment burden as to limitations, and we sustain the Albrights' issue as to that summary judgment ground. *See* Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215–16.

**Binding Precedent as to Breach of Implied Warranty Claim**

Rhea also asserted as a ground for summary judgment that the Albrights' claim for breach of implied warranty is barred by binding precedent of this Court. This Court and other Texas courts of appeals have held that a property owner may not recover under an implied warranty theory from a subcontractor with whom the owner has no direct contractual relationship. *See Raymond v. Rahme*, 78 S.W.3d 552, 563 (Tex. App.—Austin 2002, no pet.); *Codner v. Arellano*, 40 S.W.3d 666, 672–73 (Tex. App.—Austin 2001, no pet.) (concluding that while "[i]t is well settled that a builder of a residential house impliedly warrants that the house will be constructed in a good-and-workmanlike manner . . . , we find no case that implies a warranty of good-and-workmanlike performance from a builder's subcontractor directly to the homeowner") (internal citations omitted); *see also Dallas Drain Co. v. Welsh*, No. 05-14-00831-CV, 2015 Tex. App. LEXIS 7042, at *22–23 (Tex. App.—Dallas July 8, 2015, no pet.) (mem. op.) (observing that Texas courts have consistently held that property owner may not recover under implied warranty theory from subcontractor with whom owner had no direct contractual relationship and listing cases).

On appeal, the Albrights attempt to distinguish these cases on the ground that they did not involve assignments of claims by the general contractors to the plaintiffs. Neither does this case. While the Albrights expressly reserved their right to sue the designated responsible third parties, nowhere in the settlement agreement—or elsewhere in the record—did the General

10

Contractor assign its claims to the Albrights. Even assuming such a distinction would affect the outcome, there is no such distinction in this case. Based on the express language of the settlement agreement, we do not find persuasive the Albrights' argument that because "as part of the settlement, [the Albrights] and the General Contractor agreed that [the Albrights] would be allowed to pursue all claims against the Subcontractors," the Albrights "arguably acquired such claims from the [General Contractor]." *See Pochucha*, 290 S.W.3d at 867; *Marks*, 319 S.W.3d at 663. *Raymond* and *Codner* are controlling on the facts before us, and the Albrights, who had no direct contractual relationship with Rhea, may not maintain an action against Rhea for breach of implied warranty as a matter of law. *See Raymond*, 78 S.W.3d at 563; *Codner*, 40 S.W.3d at 672–74. We conclude that Rhea met its summary judgment burden as to the Albrights' claim for breach of implied warranty, and we overrule the Albrights' issue as to the summary judgment ground that binding precedent precludes their claim against Rhea for breach of implied warranty. *See* Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215–16.

## CONCLUSION

We reverse the trial court's order granting summary judgment as to the Albright's negligence claims against Rhea and remand for further proceedings consistent with this opinion. We affirm the order in all other respects.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed in Part; Reversed and Remanded in Part

Filed:   October 19, 2016