No. 15-25-00005-CV

ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/10/2025 7:08 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/10/2025 7:08:05 PM
CHRISTOPHER A. PRINE
Clerk

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

# Appellant's Reply To Appellee's Response To His Motion To Dismiss For Mootness

◆

JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

No. 15-25-00005-CV

# In The
# Fifteenth Court Of Appeals

———— ♦ ————

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

———— ♦ ————

## Appellant's Reply To Appellee's Response To His Motion To Dismiss For Mootness

———— ♦ ————

TO THE HONORABLE JUSTICES OF THIS COURT:

COMES NOW JOHNNY PARTAIN, Appellant in the above styled and numbered cause and files his *Appellant's Reply To Appellee's Response To His Motion To Dismiss For Mootness,* and respectfully shows unto the Court the following.

1. Appellee's response[1] to Appellant's motion to dismiss for Mootness demonstrates exactly why Travis County District Court case no. D-1-GN-24-002560 (Travis case) is moot. Appellee's attorney, Ali Thorburn, refuses to honor the final order from the 332nd Hidalgo County District Court in case no. C-0929-12-F (Hidalgo case) (a certified copy is

---

1 State Of Texas's Response To Appellant's Emergency Motion To Dismiss The District Court Case For Mootness (response herein)

attached to *Appellant's Motion To DismissThe District Case On Mootness*) adjudicating the rights and relationship of Partain and the State of Texas. She refuses because the order contradicts her representations to the judge in the Travis case and because the order directly affects the rights of Partain and State of Texas in the Travis case, mooting her complaint. She complains on p.3 of her response that "The State disputes that a taking occurred and disputes that Partain's attempts to take State property "compensated" him for such alleged taking." That's not for her to say. Thorburn is not the state's only attorney and arguing against another district court's final judgment under another state attorney is the definition of irrelevant. The state has already accepted the final judgment in the Hidalgo case which does affect the parties rights in the Travis case. The State of Texas was a defendant in the Hidalgo case litigation, it was notified, and it had the opportunity to complain about Partain, or to appeal. It did not. The State of Texas accepted the final judgment of the Hidalgo court without Ali Thorburn's approval.

2.      Thorburn then complains on p.8 of her response that "This Court's decision will affect the rights of the parties in the present case. Should this Court agree with Partain and dismiss the district court's case, the State's property rights will be affected." That not accurate since even Thorburn demonstrates through her argument that the Hidalgo case has already effected, has already adjudicated the parties' rights in the Travis case without a decision from this appeals court. That's the affect of parallel cases and the point of the mootness. A case becomes moot if, since the time of filing, there ceases to exist a justiciable controversy between the parties—that is, if the issues presented are no longer "live," or if the parties lack a legally cognizable interest in the outcome. *Tex. Ass'n of Bus. v.*

*Tex. Air Control Bd., 852 S.W.2d 440, 443–45 (Tex.1993).* The State of Texas owed Partain a debt and Partain was finally compensated by the State of Texas for that debt. There is no other legally cognizable interest in the outcome of the Travis case. Accordingly, the Travis case is moot.

3.     But then Thorburn argues that the final judgment in the parallel Hidalgo case means nothing. She invites this appeals court to review the Hidalgo case's final order by offering up Partain's affidavit in the case and providing excuses as to why a judge makes their decisions. See Response at p.5-6. Thorburn is missing the whole point of the doctrine of res judicata and why what she offers this court is forbidden. In Texas, once a case has been decided, the doctrine of res judicata bars any review of the proceedings related to that case. The case is over. The doctrine of res judicata "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992); Res judicata bars a party from attempting to relitigate a claim or cause of action that a competent tribunal has finally adjudicated." Valverde v. Biela's Glass & Aluminum Prods., 293 S.W.3d 751, 755 (Tex. App.-San Antonio 2009, pet. denied). "For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." Id.*

4.     The State of Texas has been brought into conformance with the United States Constitution and the Texas Constitution. Partain has been compensated his due pursuant

to the constitutions.  The state has no further interest in Partain's compensation.  The state is satisfied.  Partain is satisfied.  The Travis case is Moot.

Respectfully Submitted,

_____

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document has been serviced by email to Ms. Ali Thorburn, Assistant Attorney General General Litigation Division, Ali.Thorburn@oag.texas.gov on this September 10, 2025.

_____

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 105473574
Filing Code Description: Response
Filing Description: Reply to State of Texas Response to Dismiss for Mootness
Status as of 9/11/2025 7:03 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Thorburn | | Ali.Thorburn@oag.texas.gov | 9/10/2025 7:08:05 PM | SENT |
| Johnny Partain | | partain@atlastechnologies.biz | 9/10/2025 7:08:05 PM | SENT |