**Linda SHEFFIELD and Calvin Rister, Appellants,**

v.

**Mark BEGEMAN and Stephanie Begeman, Appellees.**

No. 11–07–00245–CV.

Court of Appeals of Texas, Eastland.

Dec. 4, 2008.

---

11. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913).

See also 255 S.W.3d 779.

Frederick Dunbar, Galbreath Law Firm, Burt L. Burnett, Burnett & Burke, LLP, Abilene, for Appellants.

Carmen Symes Dusek, The Symes Law Firm, L.L.P., San Angelo, for Appellees.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

STRANGE, Justice.

Linda Sheffield and Calvin Rister filed suit against several defendants alleging wrongful death and survival claims arising from the death of their son Jayton in an automobile accident. Two of the defendants, Mark and Stephanie Begeman, filed a motion for summary judgment. The trial court granted that motion. We affirm.

### I. Background Facts

Jayton was killed in a one-vehicle accident. Plaintiffs filed suit seeking survival and wrongful death damages. Plaintiffs alleged that Brent Begeman lost control of his vehicle because he was driving while intoxicated and that several other defendants were also responsible because they provided alcohol to minors, including Jayton. Mark and Stephanie were not sued initially but were added in an amended petition. Three of the original defendants filed motions for summary judgment. The trial court granted their motions, and we affirmed. See Sheffield v. Drake, 255 S.W.3d 779 (Tex.App.-Eastland 2008, pet. denied). While that appeal was pending, Mark and Stephanie filed a combination traditional and no-evidence motion for summary judgment. The trial court granted the motion without specifying the basis for its ruling.

### II. Issues

Plaintiffs challenge the trial court's ruling with four issues, arguing that the exclusive remedy provision of the Dram Shop Act[1] does not bar their claims, that they created a fact issue on each element of each cause of action pleaded, and that their claims were not barred by limitations.

### III. Standard of Review

■ We will apply the well-recognized standards of review for summary judgments. No-evidence motions are reviewed under the same standard as a directed verdict. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex.2003). Accordingly, we review the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. Id. A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element of the claim. Tex.R. Civ. P. 166a(i).

■ For traditional motions, questions of law are reviewed de novo. St. Paul Ins. Co. v. Tex. Dep't of Transp., 999 S.W.2d 881 (Tex.App.-Austin 1999, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex.2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671 (Tex.1979).

---

1. Tex. Alco. Bev.Code Ann. §§ 2.01–.03 (Vernon 2007).

## IV. *Discussion*

Mark and Stephanie asserted multiple grounds for relief in their summary judgment motion, but because their limitations defense is dispositive, we need address only that issue. The accident occurred on August 30, 2003. Linda was named independent administratrix of Jayton's estate on September 22, 2003. Plaintiffs' claims were subject to a two-year statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(b) (Vernon Supp.2008). Limitations were, however, tolled on the estate's survival action until Linda's qualification as independent administratrix on September 22. TEX. CIV. PRAC. & REM.CODE ANN. § 16.062(b) (Vernon 2008). Consequently, limitations expired on any wrongful death claim on August 30, 2005, and on any survival action on September 22, 2005. Plaintiffs filed suit on March 28, 2005, but they did not sue Mark or Stephanie. On June 19, 2006, two defendants David Bandy and Breckenridge IGA filed an amended answer alleging that plaintiffs' injuries were caused by the actions of one or more third parties including Stephanie-but not Mark. Plaintiffs amended their petition on July 17, 2006, and added Stephanie and Mark as defendants.

Plaintiffs' new claims are facially time barred, but they contend that Bandy and Breckenridge IGA's amended answer designated Mark and Stephanie as responsible third parties and that, because their amended petition was filed within sixty days of this answer, the new claims were asserted timely. Even if we accept plaintiffs' characterization of the amended answer, it did not refer to Mark, and plaintiffs provide no reason why limitations did not run on their claims against him. The trial court correctly granted Mark's motion for summary judgment.

The question we must address to determine if plaintiffs' claims against Stephanie were also barred by limitations is whether Bandy and Breckenridge IGA's amended answer designated Stephanie as a responsible third party. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004 (Vernon 2008) provides in part:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

> (e) If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

> (j) Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:

>> (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;

>> (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and

(3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

If statutory language is unambiguous, we interpret it according to its terms, beginning with the plain and common meaning of the statute's words, and we consider the statute as a whole. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004). We read every word as if it were deliberately chosen. *Russell v. Wendy's Int'l, Inc.*, 219 S.W.3d 629, 636 (Tex.App.-Dallas 2007, pet. dism'd). We also consider the objective the law seeks to obtain and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023(1), (5) (Vernon 2005).

■ The statute provides two different methods for designating responsible third parties. *See In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 61 n. 8 (Tex.App.-Houston [1st Dist.] 2005, no pet.). If the third party's identity is known, Section 33.004(a) unambiguously requires a timely motion for leave to designate. If the third party's identity is unknown, Section 33.004(j) unambiguously requires the defendant to also timely include a specific allegation in its answer. The legislature clearly distinguished between known and unknown potential third parties and between motions and answers. Because Stephanie's identity was known, she could only be designated as a responsible third party by a defendant with a timely filed motion. Section 33.004, therefore, is inapplicable, and plaintiffs' claims against Stephanie are barred by limitations. The trial court correctly granted her motion for summary judgment. Plaintiffs' fourth issue is overruled. This holding makes it unnecessary to specifically address plaintiffs' first three issues, and they too are overruled.

V. *Holding*

The judgment of the trial court is affirmed.