Opinion filed December 4, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00290-CV
_____

## LINDA LEWIS, Appellant

## V.

## ALLY FINANCIAL INC. F/K/A GMAC INC. D/B/A GMAC, Appellee

**On Appeal from the 40th District Court**

**Ellis County, Texas**

**Trial Court Cause No. 82612**

### M E M O R A N D U M   O P I N I O N

The trial court granted summary judgment in favor of Ally Financial Inc. f/k/a GMAC Inc. d/b/a GMAC (Ally Financial) on its breach of contract and foreclosure of security interest claims against Linda Lewis, and it ordered her to pay $24,813.32 in damages and $2,504.02 in attorneys' fees. Lewis appeals the summary judgment of the trial court in eight issues. We affirm.

## I. *Background Facts and Procedural History*

Appellant purchased an automobile, a 2008 SAAB 9-3, from Sewell Saab of Dallas. Sewell Saab assigned the purchase contract to GMAC Inc. d/b/a GMAC (now Ally Financial, Inc.). Appellant made some, but not all, of the required payments under the retail installment contract. Subsequently, she returned the vehicle, which was later sold for less than the amount owed under the contract, and Ally Financial brought suit against her for the deficiency.

Several months after Appellant answered the lawsuit, pro se, Ally Financial moved for summary judgment. Appellant, still pro se, filed responses and attached her own affidavits to which Ally Financial replied. Before the trial court ruled on Ally Financial's summary judgment motion, Appellant filed three motions to recuse the trial judge and one motion to recuse a judge assigned to hear one of her recusal motions. All of these recusal requests were denied.

Appellant also filed a motion to strike the affidavits that Ally Financial filed in support of its summary judgment motion, and she also filed a motion to compel discovery. Later, the trial court heard Ally Financial's summary judgment motion as well as Appellant's motion to strike Ally Financial's affidavits. The trial court did not hear or rule on Appellant's motion to compel discovery. The trial court granted Ally Financial's motion for summary judgment and implicitly overruled Appellant's motion to strike Ally Financial's affidavits. Appellant appeals the summary judgment.

## II. *Issues Presented*

Appellant advances eight issues. Appellant complains in her first issue that the trial court disregarded her motions to recuse and that the trial judge should have recused himself. Appellant complains in her second and seventh issues that the trial court violated her rights under the Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution.[1]  Appellant complains in her third issue that the trial court improperly granted Ally Financial's motion for summary judgment.  Appellant also complains in her third issue that the trial court did not consider and rule on her motion to compel discovery and her motion to strike Ally Financial's summary judgment affidavits.  Appellant alleges in her fourth, fifth, and sixth issues that the trial court disregarded the "appearance of fairness doctrine," failed to afford her "due process," and violated the "laws of the land" under federal and state law.  In her final issue, Appellant complains that the trial court erred when it ignored the objections that she made during the summary judgment hearing.

### III. *Standard of Review*

We review the denial of a motion to recuse under an abuse of discretion standard.  TEX. R. CIV. P. 18b; *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 250 (Tex. App.—El Paso 2012, no pet.).  We review the totality of the circumstances and will not reverse an assigned judge's ruling if it is within the zone of reasonable disagreement.  *In re C.J.O.*, 325 S.W.3d 261, 267 (Tex. App.—Eastland 2010, pet. denied) (citing *Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992)).  The standard of review of summary judgments is well settled. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 674 (Tex. 1979). Objections to the form of summary judgment evidence are preserved for appellate

---

[1]Appellant refers to the Fourth and Fifteenth Amendments in the "Statement on Need for Oral Argument" section and "Conclusion" section of her brief.  Those amendments cannot apply to the facts of this case, and because Appellant does not address those amendments in the argument section of her brief, we assume that Appellant inadvertently included them.  If we are in error in that assumption, Appellant did not adequately brief any issue relating to the Fourth or Fifteenth Amendments.  TEX. R. APP. P. 33.1., 38.1; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (inadequate briefing may waive appellate issue or point of error).  Moreover, both amendments require state action, which is not alleged or present in this case.  U.S. CONST. amends. IV, XV; *see United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (Fourth Amendment); *Terry v. Adams*, 345 U.S. 461, 463 (1953) (Fifteenth Amendment).

review only if those objections are made and ruled on in writing by the trial court. *Schronk v. City of Burleson*, 387 S.W.3d 692, 715 (Tex. App.—Waco 2009, pet. denied) (citing *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.), and *Trusty v. Strayhorn*, 87 S.W.3d 756, 762 (Tex. App.—Texarkana 2002, no pet.)). By contrast, objections to the substance of such evidence may be raised for the first time on appeal. *See Choctaw Props.*, 127 S.W.3d at 241; *Trusty*, 87 S.W.3d at 765.

IV. *Analysis*

### A. Issue One: Motions to Recuse

Appellant complains that the trial court disregarded her motions to recuse and that the trial judge should have recused himself. It appears that Appellant also challenges the denials of her motions to recuse. A judge may be recused or disqualified from hearing a case. TEX. R. CIV. P. 18b. Recusal of a judge is governed by Rule 18b(b) and by the procedural rules for trials. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998). For recusal, Rule 18b(b) provides in part:

> (b) *Grounds for Recusal*. A judge must recuse in any proceeding in which:
>
>> (1) the judge's impartiality might reasonably be questioned; [or]
>>
>> (2) the judge has a personal bias or prejudice concerning the subject matter or a party.

TEX. R. CIV. P. 18b(b). "Recusal is generally not required purely on the basis of judicial rulings, remarks, or actions, as they would not on their own typically 'evidence the degree of favoritism or antagonism required;' these will usually be grounds for reversal if in error, but not for recusal." *Nairn*, 366 S.W.3d at 250 (quoting *Gaal v. State*, 332 S.W.3d 448, 454 (Tex. Crim. App. 2011)). "On the

4

other hand, recusal is appropriate if the facts are such that a reasonable person would harbor doubts as to the impartiality of the trial judge." *Nairn*, 366 S.W.3d at 250 (citing *Kemp*, 846 S.W.2d at 305).

Appellant argues that Judge Bob Carroll and Judge John Ovard should have been recused. With respect to Judge Carroll, Appellant argued that he was impartial, biased, or prejudiced. With respect to Judge Ovard, Appellant argued that he had a conflict of interest. *See* TEX. R. CIV. P. 18b(b)(1), (2). A motion to recuse a judge must be verified and must allege, with particularity, admissible facts that support one of the grounds outlined in Rule 18b and that, if proven, would be sufficient to justify recusal. TEX. R. CIV. P. 18a(a). We have already noted that Appellant is pro se. And, although some latitude is afforded to pro se litigants, they are not exempt from the Texas Rules of Civil Procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

Appellant filed a total of four motions to recuse: three against Judge Carroll and one against Judge Ovard. Appellant failed not only to verify her motions, but she also failed to adduce particular facts in an admissible form that, if proven, would justify recusal. Accordingly, she has waived this issue. But even if the issue is not waived, her arguments still fail on the merits. Appellant claims in her brief that Judge Carroll was biased because he had ruled against her in another civil proceeding and that Judge Ovard had a conflict because he was the presiding judge in another case that involved Appellant and in which she claims to have been "falsely incarcerated." We consider her argument against Judge Ovard to be one of bias as well. We note that in-court rulings are not a basis for recusal. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Nairn*, 366 S.W.3d at 250. In addition, Appellant attached no evidence to any of her motions to recuse, and the record contains nothing that would allow us to weigh the evidence of her claims of

5

recusal as to either Judge Carroll or Judge Ovard. *See Evans v. Hoag*, 711 S.W.2d 744, 746 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). We hold that there was no abuse of discretion when the administrative judge and the assigned judge denied Appellant's motions to recuse and that there was no abuse of discretion when the trial judge did not recuse himself. We overrule Appellant's first issue.

### B. Issues Two and Seven: Appellant's Allegations of Violations of her Rights Under the Fifth, Sixth, and Fourteenth Amendments

Appellant complains in her second and seventh issues that the trial court allowed Ally Financial to violate her constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Ally Financial's claims in this case were for breach of contract and foreclosure of a security interest and were brought in a civil suit. We note that none of the constitutional claims, except for a reference to the right to confrontation, were raised at the summary judgment hearing and that none of the constitutional claims were included in her responses to Ally Financial's motion for summary judgment.

Under Rules 33.1 and 38.1 of the Texas Rules of Appellate Procedure, her issues on alleged constitutional violations are waived. TEX. R. APP. P. 33.1., 38.1; *Fredonia State Bank*, 881 S.W.2d at 284. But even if Appellant had not waived her appellate issues, a review of those claims also fails on the merits. For instance, the Sixth Amendment applies to criminal prosecutions and requires state action. U.S. CONST. amend. VI; *Green v. State*, 872 S.W.2d 717, 720–22 (Tex. Crim. App. 1994). It is undisputed that neither the State of Texas nor the United States was a party to the suit. Appellant's complaints of violations of her rights under the Sixth Amendment are without merit.

The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, . . . nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST. amend. V. We presume Appellant's Fifth Amendment complaints are limited to a due process allegation and a takings allegation.

No constitutional right to a trial exists when, after notice and a reasonable opportunity, a party fails to make the rule-required demonstration that some dispute of material fact exists. *Oglesby v. Terminal Transp. Co.*, 543 F.2d 1111, 1113 (5th Cir. 1976). The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, *Chicago, B. & Q. R. Co. v. City of Chicago*, 166 U.S. 226, 228–43 (1897), prohibits the government from taking private property for public use without just compensation. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001). Appellant adduced no facts that raised a material fact question as to her default on the contract or as to the existence of a state actor—both of which render her argument meritless. We overrule her second and seventh issues.

*C. Issue Three, Part One: Ally Financial's Summary Judgment Motion*

Appellant asserts that the trial court improperly granted Ally Financial's motion for summary judgment. For traditional summary judgment motions, questions of law are reviewed de novo. *Sheffield v. Begeman*, 274 S.W.3d 846, 848 (Tex. App.—Eastland 2008, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Id.* (citing *Goodyear Tire*

*& Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007)). We consider all the evidence in the light most favorable to the nonmovant and indulge all reasonable inferences in its favor; we then determine if the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Clear Creek*, 589 S.W.2d at 674.

Ally Financial adduced evidence, including admissions from Appellant, that she purchased a vehicle from Sewell Saab; that she made some, but not all, of the payments required under the contract; and that she returned the vehicle, which was later sold. Ally Financial also presented evidence that a deficiency existed after all lawful offsets and credits. Appellant adduced no evidence that disputed any of these facts. The trial court did not err when it granted summary judgment because there were no genuine issues of material fact on Ally Financial's claims, and Ally Financial was entitled to judgment as a matter of law.

*D. Issues Four Through Six: Appearance of Fairness, Due Process, and Laws of the Land*

Appellant alleges a violation of the "appearance of fairness" doctrine, but she has provided no Texas case law to support the application of such a doctrine to these facts, and we have found none. Under Rules 33.1 and 38.1 of Texas Rules of Appellate Procedure, Appellant has waived these issues. TEX. R. APP. P. 33.1., 38.1; *Fredonia State Bank*, 881 S.W.2d at 284. But even if Appellant had not waived these issues, a review of the claims indicates that the complaints also fail on the merits. As we have just noted, Appellant argues a violation of the "appearance of fairness" doctrine, but she cites no cases under Texas or federal law.

Appellant alleges a due process claim under the Fourteenth Amendment to the United States Constitution. Because the United States Constitution regulates only the government, not private parties, a litigant claiming that her constitutional

8

rights have been violated must establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002–03 (1982). "State action" is conduct by a state actor in accordance with some right or privilege created by the state or by a rule of conduct imposed by the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). With no state actors or state action alleged in this case, Appellant's due process claim under the Fourteenth Amendment is meritless.

Appellant also claims a due process violation of the "laws of the land," presumably under Section 19 of Article I of the Texas Constitution, which provides as follows: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." These due process rights are safeguarded when the person is provided "notice and an opportunity to be heard." *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004). It is undisputed that Appellant received notice and had an opportunity to be heard. We overrule Appellant's fourth, fifth, and sixth issues.

> *E. Issue Three, Part Two and Issue Eight: Appellant's Motion to Compel Discovery, Motion to Strike Affidavits, and Objections at Summary Judgment Hearing*

Appellant asserts that the trial court refused to hear or failed to grant her motion to compel discovery prior to ruling on the motion for summary judgment. Appellant has not directed us to, nor have we found, an order in the record in which the trial court overruled Appellant's motion to compel discovery. Therefore, Appellant is correct in that the trial court did not rule on her motion. However, Appellant has also not shown us where in the record the trial court refused to rule on her motion. The motion was not set for a hearing, and Appellant did not raise the motion at the hearing on the motion for summary judgment.

9

Because Appellant has not shown that the trial court refused to rule, she has waived her complaint on appeal. *See* TEX. R. APP. P. 33.1(a)(2)(B).

Appellant also complains that the trial court failed to hear and grant her hearsay objections during the summary judgment hearing concerning the affidavits of Mary Kay Mann and Kimber A. Hartmann. "Rule of Appellate Procedure 33.1 considers complaints to have been preserved if the trial court 'expressly or implicitly' rules on an objection." *Allen ex rel. B.A. v. Albin*, 97 S.W.3d 655, 661 (Tex. App.—Waco 2002, no pet.) (quoting TEX. R. APP. P. 33.1(a)(2)(A)). Error is preserved if the trial court refused to rule on an objection and if the party objected to the refusal. TEX. R. APP. P. 33.1(a)(2)(B).

In this case, Appellant objected to the affidavits in her responses and complained about the affidavits at the summary judgment hearing, but she never asked the trial court for a ruling. The trial court must rule on a hearsay objection for that issue to be preserved for appellate review. *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 28 (Tex. App.—Dallas 1992, no writ). Appellant waived her complaints unless the trial court expressly or implicitly ruled on the objections or unless the the trial court refused to rule and she objected to the court's refusal to rule. *Albin*, 97 S.W.3d at 661. Appellant does not direct us to any part of the record that shows that the trial court overruled her objections. Appellant also did not outline for the trial court the specific portions of the affidavits that contained objectionable hearsay. Appellant has failed to preserve error.

But even if Appellant had preserved error, her arguments fail because she does not explain how the affidavits are objectionable. We have reviewed the record and the affidavit in support of the debt portion of the summary judgment; it met the requirements for the business records exception to hearsay. *See* TEX. R.

EVID. 803(6). Also, as we have noted, the evidence shows that Appellant purchased a vehicle, did not make all required payments, and returned the vehicle; that the vehicle was sold; that there was a deficiency after the sale; and that Appellant still owed Ally Financial a balance after all offsets and credits. The summary judgment affidavit as to attorneys' fees contains evidence that Ally Financial had to file suit and prosecute the case and that Ally Financial incurred reasonable and necessary attorneys' fees. Even if the trial court implicitly overruled her objections, the trial court did not abuse its discretion because the affidavits did not contain objectionable hearsay. *See* TEX. R. EVID. 801, 803; *Petty v. Citibank (S.D.) N.A.*, 218 S.W.3d 242, 244–45 (Tex. App.—Eastland 2007, no pet.); *see also Sharpe v. Lomas & Nettleton Fin. Corp.*, 601 S.W.2d 55, 56 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.) (defendant has burden to controvert principal and interest due calculations if they are inaccurate).

Appellant also complains that no witnesses were present for her to cross-examine at the summary judgment hearing. Under Rule 166a, no oral testimony is permitted at a summary judgment hearing. TEX. R. CIV. P. 166a(c); *Richards v. Allen*, 402 S.W.2d 158, 161 (Tex. 1966). Appellant's complaint is without merit. We overrule Appellant's third and eighth issues.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

December 4, 2014                                        JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

11