# IN THE SUPREME COURT OF TEXAS

No. 20-0506

IN RE GILBERTO GONZALES

ON PETITION FOR WRIT OF MANDAMUS

**PER CURIAM**

In this mandamus proceeding, Gilberto Gonzales challenges a trial-court order allowing Houston Distributing Company to designate an unknown person as a responsible third party. Although the court of appeals denied Gonzales's mandamus petition, we conclude he is entitled to relief.

Gonzales sued Houston Distributing for negligently causing an automobile accident. Gonzales alleged that a truck driver employed by Houston Distributing caused the accident by rear-ending a pickup truck behind Gonzales, which then rear-ended Gonzales's pickup truck, which then rear-ended the car in front of him. Houston Distributing filed an original answer on June 28, 2017, asserting a general denial and that Gonzales was comparatively responsible for causing the accident.

On November 10, 2017, one hundred and thirty-five days after filing its original answer, Houston Distributing filed a motion for leave to designate an unknown person, referred to as "John Doe," as a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(k) ("An unknown person designated as a responsible third party under Subsection (j) is denominated as 'Jane Doe'

or 'John Doe' until the person's identity is known."). The motion asserted that John Doe negligently caused the accident by cutting in front of Gonzales's truck and stopping suddenly.

Within fifteen days[1] after Houston Distributing filed its motion for leave to designate John Doe as an unknown responsible third party, Gonzales filed objections to and a motion to strike Houston Distributing's motion, arguing that Houston Distributing failed to timely file an amended answer adequately alleging John Doe's responsibility as section 33.004(j) requires. *See id.* § 33.004(j) (stating requirements for designating "an *unknown* person as a responsible third party") (emphasis added). In January 2018, the trial court granted Houston Distributing's motion for leave to designate John Doe as an unknown responsible third party without expressly ruling on Gonzales's objections.

More than two years later, in March 2020, Houston Distributing filed its first amended original answer, which still did not include allegations that John Doe or any other "unknown person" was responsible for causing the accident. Two days later, Gonzales filed a combined no-evidence and traditional summary-judgment motion as to John Doe's alleged negligence, arguing that Houston Distributing could not submit John Doe's responsibility to the jury because it did not timely or adequately satisfy section 33.004(j)'s pleading requirements.[2] In response, Houston Distributing filed a second amended answer, pleading for the first time that an "unknown third party-John Doe, was a proximate and/or contributing cause to Plaintiff's injuries and/or damages."

---

[1] *See id.* § 33.004(f) ("A court shall grant leave to designate the *named* person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.") (emphasis added).

[2] Gonzales also argued that Houston Distributing could point to no evidence that an unknown third party had caused the accident and that Gonzales's evidence conclusively proved that no such unknown third party was involved.

Specifically, Houston Distributing alleged in this answer that "John Doe cut in front of the truck, thereby causing [Houston Distributing's driver] to strike" the second vehicle, which "then struck Plaintiff's vehicle."[3]

The trial court denied Gonzales's summary-judgment motion. Gonzales then filed a petition for writ of mandamus, which the court of appeals summarily denied. *See In re Gonzales*, No. 01-20-00380-CV, 2020 WL 3456603, at *1 (Tex. App.—Houston [1st Dist.] June 25, 2020, orig. proceeding) (per curiam). Gonzales then petitioned this Court for relief, challenging the trial court's order granting Houston Distributing's motion for leave to designate John Doe as an unknown responsible third party and its order denying summary judgment as to John Doe's alleged negligence.

"A writ of mandamus will issue if a trial court abuses its discretion and no adequate remedy by appeal exists." *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). A trial court that fails to properly apply a statutory requirement abuses its discretion because courts have "no 'discretion' in determining what the law is or applying the law to the facts," even when the law is unsettled. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Here, the applicable law is found in section 33.004 of the Civil Practice and Remedies Code, which governs the designation of responsible

---

[3] As mentioned, Houston Distributing alleged in its motion for leave to designate John Doe as an unknown responsible third party that John Doe cut in front of *Gonzales's* truck and stopped suddenly, causing the chain-reaction accident. But in its second amended original answer and response to Gonzales's summary-judgment motion, Houston Distributing appears to allege that John Doe cut in front of *Houston Distributing's* truck, causing its driver to rear-end a second vehicle, which then rear-ended Gonzales's truck. Houston Distributing's driver submitted a written accident report stating only that a car "cut in front [of] truck," causing him to brake suddenly, rear-ending the vehicle in front of him. Any apparent confusion over Houston Distributing's allegations regarding John Doe's conduct, however, is irrelevant to our decision in this mandamus proceeding.

third parties. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(a)–(l). Because the trial court failed to properly apply section 33.004 in this case, it abused its discretion.

Subsection (a) of section 33.004 provides that a defendant who desires to designate "*a person*" as a responsible third party must file a motion for leave on or before the sixtieth day before a trial date, unless the court finds good cause to allow the motion at a later date. *Id.* § 33.004(a) (emphasis added). Subsection (f) provides that the court shall grant leave to designate a "*named*" person as a responsible third party unless another party objects within fifteen days after the defendant files the motion for leave. *Id.* § 33.004(f) (emphasis added). If a party timely objects, subsection (g) nevertheless requires the court to grant the defendant's motion for leave unless the objecting party establishes that the defendant failed to adequately plead the facts establishing the third party's responsibility, even after receiving an opportunity to replead those facts. *Id.* § 33.004(g).

"Notwithstanding" any of these provisions, subsection (j) governs the designation of an "*unknown* person as a responsible third party." *Id.* § 33.004(j) (emphasis added). Subsection (j) applies "if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit." *Id.* If the defendant meets that predicate requirement, "the court shall grant a motion for leave to designate the unknown person as a responsible third party if" the defendant meets three additional requirements:

(1)     the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;

(2)     the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and

4

(3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

*Id.*

Houston Distributing indisputably failed to satisfy subsection (j)'s predicate requirement. It did not file any amended answer until more than two years and eight months after it filed its original answer, and that amended answer contained no allegations about any "unknown" responsible third party. Its second amended answer, filed nearly three weeks later, alleged that an unknown person caused the accident, but it did not allege that John Doe committed a criminal act or describe any of John Doe's identifying characteristics. Because Houston Distributing did not timely and adequately satisfy these pleading requirements, subsection (j) did not permit the trial court to grant leave for Houston Distributing to designate John Doe as an unknown responsible third party.

Houston Distributing argues that subsection (j) does not provide the *exclusive* means by which a defendant may designate an unknown person as a responsible third party. Because subsection (a), which requires a defendant to file its motion for leave to designate "a person" as a responsible third party at least sixty days before a trial date, also allows the court to permit a later motion on a finding of good cause, *see id.* § 33.004(a), Houston Distributing argues that courts may also relax subsection (j)'s requirements.

We disagree. Subsection (j) is the only subsection that addresses the requirements for designating an "unknown" person as a responsible third party, and it expressly provides that it applies "[n]otwithstanding" any other provision. *See id.* § 33.004(j). As the same court of appeals that refused relief in this case explained in an earlier case, subsection (j) "clearly and unambiguously requires a defendant seeking to designate an unknown person as a responsible third

5

party . . . to file an answer containing such allegations no later than sixty days from filing its original answer." *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 61 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding [mand. denied]). To hold otherwise "would render the pleading deadlines imposed in subsection (j) meaningless" because a "defendant would never have an incentive to comply with the pleading requirement in subsection (j) when it could simply wait to designate the unknown person sixty days before trial, and obtain a strategic advantage not intended by the legislature." *Id.* That is, there would be no reason for defendants to attempt to designate unknown persons as responsible third parties under subsection (j)'s strict requirements when they could instead designate unknown persons as responsible third parties under the more lenient requirements of subsection (a). We agree with the courts of appeals and federal district courts that have construed and applied the statute in this manner.[4]

Contrasting subsection (j) with subsections (f) and (g) confirms this construction. Subsections (f) and (g) require that trial courts grant a defendant's motion for leave to designate a "*named* person" as a responsible third party unless another party objects within fifteen days and

---

[4] *See, e.g.*, *Payne v. Wal-Mart Stores Tex., LLC*, MO:18-CV-00224-DC, 2020 WL 7974333, at *3 (W.D. Tex. Jan. 12, 2020) ("In order to designate an unknown person as a responsible third party, Defendant must comply with [section] 33.004(j)."); *Mesina v. Walgreen's*, No. SA15-CV-054-DAE, 2015 WL 2151854, at *2 (W.D. Tex. May 7, 2015) ("Section 33.004(j) sets forth the 'sole avenue for designating unknown third parties.'") (quoting *Est. of Figueroa v. Williams*, No. V-05-56, 2007 WL 2127168, at *2 (S.D. Tex. July 23, 2007)); *Munoz v. Ford Motor Co.*, No. EP-10-CV-172-PRM-RPM, 2011 WL 13269629, at *6 (W.D. Tex. Feb. 11, 2011) ("[R]eading the time limits set forth in subsection (a) to apply to both named and unknown [responsible third parties] would render subsection (j) superfluous."); *In re Echols*, 569 S.W.3d 776, 780–81, 783 (Tex. App.—Dallas 2018, orig. proceeding [mand. denied]) (citing and agreeing with the First Court of Appeals in *Unitec*); *Phi Van Cao v. Hardy*, 352 S.W.3d 218, 221 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (agreeing with *Unitec* and "finding subsection (j) to be uniquely applicable to unknown third parties"); *Arango v. Davila*, No. 13-09-00470-CV, 2011 WL 1900189, at *7–8 (Tex. App.—Corpus Christi–Edinburg May 19, 2011, pet. denied) (mem. op.) (citing and agreeing with *Unitec*), *disapproved of on other grounds by Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011); *Sheffield v. Begeman*, 274 S.W.3d 846,850 (Tex. App.—Eastland 2008, pet. denied) (explaining that the "legislature clearly distinguished between known and unknown potential third parties" given that section 33.004(j) applies when the third party's identity is unknown); *Figueroa*, 2007 WL 2127168, at *2 (stating that "the sole avenue for designating unknown third parties is set forth in [section] 33.004(j)" and to read "the time limits set forth in subsection (a) to apply to both named and unknown third parties-would render subsection (j) superfluous").

establishes that the defendant "failed to plead sufficient facts concerning the alleged responsibility of the person," even after having been given an opportunity to replead those facts. TEX. CIV. PRAC. & REM. CODE § 33.004(f), (g) (emphasis added). By contrast, subsection (j) requires that trial courts grant a motion for leave to designate an "*unknown* person" as a responsible third party only if *the defendant* timely and adequately satisfies the subsection's pleading requirements. *Id.* § 33.004(j) (emphasis added). The statute thus presumes that motions for leave to designate *named* persons will be granted based on lenient pleading requirements, while motions to designate *unknown* persons will be denied unless the defendant satisfies strict pleading requirements. Construing subsection (j) as the exclusive means by which defendants can designate unknown persons as responsible third parties honors the statute's distinction.

This construction is also consistent with the statute's recognition of the effects of designating an unknown person as a responsible third party. As we recently explained, the statute generally prohibits defendants from designating a named person as a responsible third party after limitations has run on the plaintiff's claims against that person because such a designation would create "an imbalance in the proportionate-responsibility framework" by preventing the plaintiff "from seeking recovery on the basis of that third party's fault." *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam) (addressing TEX. CIV. PRAC. & REM. CODE § 33.004(d)).[5] Unknown responsible third parties present the same problem: defendants can reduce their liability by blaming an unknown third party, but plaintiffs cannot recover from that party.

---

[5] Subsection (d) imposes this prohibition "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(d). If the defendant timely discloses the potential responsible third party as the rules require, the plaintiff can avoid any "imbalance in the proportionate-responsibility framework" by naming the person as an additional defendant before the statute of limitations expires.

The statute prevents such imbalances in the proportionate-responsibility framework by putting in place "restrictions on a defendant's ability to designate a responsible third party." *Id.* at 629. Subsection (j) imposes such a restriction by requiring defendants to timely satisfy specific pleading requirements regarding unknown responsible third parties. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(j).

Because Houston Distributing did not timely or adequately satisfy subsection (j)'s pleading requirements, we conclude that the trial court abused its discretion by granting Houston Distributing's motion for leave to designate John Doe as an unknown responsible third party. Nevertheless, we will not grant Gonzales mandamus relief "if there is a 'clear and adequate remedy at law, such as a normal appeal.'" *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 304 (Tex. 2016) (orig. proceeding) (per curiam). An appellate remedy is "adequate" when any benefits of mandamus review are outweighed by the detriments. *Prudential*, 148 S.W.3d at 136. The "most frequent use we have made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved." *In re McAllen Med. Ctr.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding).

We have analyzed the adequacy of an appellate remedy in two cases involving the designation of responsible third parties. In the first, we held that "no adequate remedy by appeal ordinarily exists" when a trial court erroneously denies a defendant's motion for leave to designate a responsible third party. *In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017) (orig. proceeding) (per curiam). We explained in *Coppola* that "[a]llowing a case to proceed to trial despite erroneous denial of a responsible-third-party designation 'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways

8

unlikely to be apparent in the appellate record.'" *Id.* (quoting *In re CVR Energy, Inc.*, 500 S.W.3d 67, 81–82 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied])). In such cases, the "denial of mandamus review impairs—and potentially denies—a litigant's significant and substantive right to allow the fact finder to determine the proportionate responsibility of all responsible parties." *Id.*

More recently, we held in *Dawson* that an ordinary appeal would be inadequate to protect the rights of a *plaintiff* when the trial court erroneously *grants* a defendant's belated motion for leave to designate a time-barred responsible third party. *See Dawson*, 550 S.W.3d at 630. Just as we held in *Coppola* that mandamus was appropriate to protect a defendant's right to have the jury determine the responsibility of all properly named responsible parties, we held in *Dawson* that mandamus was appropriate to protect a plaintiff's right "to not have to try her case against an empty chair" when the defendant fails to timely designate a third party. *Id.* at 629.

*Dawson* controls the outcome here. Although *Dawson* involved a defendant's failure to timely designate a named third party under subsection (d), while this case involves a defendant's failure to timely plead an unknown third party's responsibility under subsection (j), the principles involved are the same. In both cases, the defendants moved for leave to designate a responsible third party from whom the plaintiffs could not recover, creating an imbalance in the proportionate-responsibility framework. In both cases, the defendants did not satisfy section 33.004's provisions that protect a plaintiff's right not to try the case against an empty chair. And in both cases, the trial courts abused their discretion by granting the defendants' motions. If *Dawson* was an appropriate case to grant mandamus relief, then so is this one; requiring Gonzales to go through a trial before remedying the trial court's error would defeat the substantive right that subsection (j) protects.

Because the trial court failed to properly apply section 33.004, it abused its discretion by granting Houston Distributing's motion for leave to designate John Doe as an unknown responsible third party. And Gonzales does not have an adequate remedy at law, rendering mandamus relief appropriate. Pursuant to Texas Rule of Appellate Procedure 52.8(c), without hearing oral argument, we conditionally grant Gonzales mandamus relief and direct the trial court to vacate its order granting Houston Distributing's motion to designate John Doe as an unknown responsible third party. Our writ will issue only if the court fails to comply.

Opinion delivered: March 5, 2021